## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Jianming Jiang, Liguo Ding, Chunqiu Duan, and Yongqiang Song (collectively, "Plaintiffs") and Matsu Corp. ("Matsu"), Kim Ming "Marty" Cheng, and Ziqiao "Michael" Cao (collectively, "Defendants"). Plaintiffs and Defendants shall collectively be referred to as the "Parties." The Agreement provides as follows:

WHEREAS, on or about December 4, 2017 Plaintiffs filed an action in the United States District Court for the District of Connecticut ("District Court") against Defendants, proceeding under Case No. 3:17-cv-02011 (WIG) (the "Action"), relating to unreturned payments made by the Plaintiffs to the Defendants, and their employment at the Matsu Sushi Restaurant (the "Restaurant"), located at 33 Jesup Road, Westport, Connecticut 06880;

WHEREAS, on or about February 2, 2018 the Flushing Workers Center filed a charge against Defendants on behalf of plaintiffs Jiang and Ding with the National Labor Relations Board (NLRB), Region 1, Case No. 01-CA-214272 (the "NLRB Case"), related to their employment at the Restaurant;

WHEREAS, the Parties, without any determination of the allegations in their pleadings, have agreed to resolve fully and finally any and all claims and disputes and to dispose fully and finally of all differences and issues which now exist or may arise under federal, state, municipal or common law or any agreement among the Parties from the beginning of time to the date of execution of this Agreement.

NOW THEREFORE, in consideration of the above recitals and further, in consideration of the mutual promises contained herein, the Parties, intending to be legally bound, agree as follows:

1. Defendants agree to pay the total sum of $200,000.00 ("Settlement Amount"), which includes $160,000 for return of deposits, and $40,000 for back pay, under the following terms:

    a. Defendants shall pay Jianming Jiang $57,600.00, less appropriate statutory deductions, Liguo Ding $62,400.00, less appropriate statutory deductions, Yongqiang Song $42,400.00, less appropriate statutory deductions and Chunqiu Duan $37,600.00, less appropriate statutory deductions.

    b. Defendants shall pay $75,000.00 ("Initial Payment") within fifteen (15) days of final approval of this Agreement by the District Court.

    c. The remaining balance shall be paid in monthly payments according to the Payment Schedule outlined in "Appendix A". Monthly payments shall be due on the fifteenth (15th) day of each month.

    d. Payments shall be made by checks payable to the plaintiffs individually and mailed to them c/o Flushing Workers Center, P.O. Box 528119, Flushing, NY 11355.

e. None of the Settlement Amount shall be apportioned toward either Plaintiff's or Defendant's attorneys' fees. Plaintiffs' current lien on Matsu Sushi Restaurant, located at 33 Jessup Road, Westport, Connecticut 06880, ("the Restaurant"), in the amount of $75,000, is to remain in place until the Settlement Amount has been paid in its entirety. A lien of $125,000 will be placed on **ADDRESS REDACTED**, Defendant Cheng's personal residence, until the Settlement Amount has been paid in its entirety. The lien amounts shall be reduced as payments are made in an equal amount, and the lien on Defendant Chen's personal residence will exist so long as any monies are owed by Defendants to Plaintiffs.

f. **Confession of Judgment:** Simultaneously with the execution of this Amendment, Defendants shall deliver to Plaintiffs' counsel an original copy of an executed affidavit for confession of judgment in the form attached hereto as "Appendix B". The affidavits for confession of judgment must bear an original signature, as opposed to a copied or electronic signature. In the event Defendants are in default in the payment of any of the installments under paragraph 5 of this Agreement, Plaintiffs shall provide Seven (7) calendar days' notice to Mark C. Fang, Esq. at mfang@markfanglaw.com of their intent to file the affidavits for confession of judgment with the Clerk of the United States District Court, District of Connecticut, and/or other appropriate county in the State of Connecticut for judgment to be entered against Defendants declaring Two Hundred Thousand Dollars and no cents ($200,000.00), less any amended settlement payment(s) made to date, immediately due and payable. If Defendants do not cure the defect within SEVEN (7) days of the notice, they shall owe Plaintiff Two Hundred Thousand Dollars and no cents ($200,000.00) plus accrued interest, less any amended settlement payment(s) made to date, and such amount shall be immediately due in its entirety, and Plaintiff may file the affidavits for confession of judgment. Plaintiff shall be entitled to his reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement for the failure to pay monies owed under the Agreement, Plaintiff shall be entitled to receive from the Defendants reasonable attorneys' fees and costs up through and including the appellate process, as well as accrued interest.

g. Defendants agree to reinstate Plaintiffs under terms and conditions, including but not limited to wages and hours, to be approved by Region 29 of the National Labor Relations Board, pursuant to the Decision and Order of June 28, 2019, after the agreement is signed and approved by the Court.

h. Defendants also agree that Within fourteen (14) days from the date this Agreement is approved by the Court, Defendants will expunge from the restaurant's files any and all references to the termination of Liguo Ding and Jianming Jiang, and any notes, documents or references regarding their termination that were prepared and/or used in their termination. Defendants will notify them in writing that this has been done and that the discharges will not be used against them in any way.

2. After receipt of the final payment, reinstatement of Plaintiffs Jiang and Ding, and notification of expungement from Matsu Corp., the Board will file a motion in the Second Circuit to dismiss the Board's application for enforcement of its Order without prejudice, with each side to bear its own fees and costs. In exchange for the consideration provided for in

Paragraphs 1, 2, and 3, the Parties will notify the Board that they do not oppose such a motion.

3. In exchange for the consideration provided for in Paragraphs 1, 2, and 3, Plaintiffs, by their attorney and the Flushing Workers Center, on behalf of themselves as well as their heirs, executors, administrators and assigns, knowingly and voluntarily withdraw and discontinue the Federal Case regarding their deposits and release and forever discharge, to the fullest extent permitted by law, Matsu Corp. LLC, its owners, affiliates, insurers, related entitles, predecessors, successors, assigns, employees, officers, directors, attorneys, representatives and agents, individually and in their corporate capacities, including, but not limited to Kim Ming "Marty" Cheng and Ziqiao "Michael" Cao (collectively "Releasees") of and from any and all claims, known or unknown, asserted or unasserted, which Plaintiffs have or may have against Releasees as of the date of execution of this Agreement, including the deposit claims, and including but not limited to, any alleged violation of the Trafficking Victims Protection Reauthorization Act, the Fair Labor Standards Act, Connecticut Minimum Wage Act, Connecticut Unfair Trade Practices Act, Connecticut General Statutes Sec. 31-58, et seq., Connecticut General Statutes Sec. 52-564, claims of alleged common law fraud, claims of alleged breach of contract, claims of alleged unjust enrichment, and claims of alleged retaliation against Plaintiffs.

4. In exchange for the consideration provided for in Paragraphs 1, 2, and 3, Plaintiffs, through counsel, hereby agree to, immediately upon the signing of this Agreement by all parties, assist Defendants and Matsu Corp. in restoring the restaurant's public image by contributing to positive publicity for the Restaurant, including, but not limited to:

    i. participating, organizing, and promoting a grand opening event to be coordinated by the restaurant, with Plaintiffs present insofar as they are working a shift at that time;

    ii. issuing a press release describing the Parties' reconciliation and the fair resolution of their dispute. The press release will cast the restaurant and its principal owners in a positive light and inform the community that the Parties have put their dispute behind them and look forward to resuming their work together. Nothing in this clause, or elsewhere in this Agreement, shall be deemed or construed to prohibit Plaintiffs from engaging in non-defamatory speech against Defendants.

5. In exchange for the consideration provided for in Paragraphs 1, 2, and 3 Plaintiffs, through counsel, also agree to write a letter to Bridgewater Associates ("Bridgewater"), a former repeat client of Matsu for large catering orders, communicating to Bridgewater that Plaintiffs and Defendants have moved past their dispute and resumed their working relation in terms fair and agreeable to all, and to encourage Bridgewater to resume ordering food from the Restaurant.

6. In exchange for the consideration provided for in Paragraphs 1, 2, and 3, and specifically the return of their deposits, Plaintiffs waive any claim to ownership in the Restaurant or Matsu Corp., and surrender any prior ownership interest in the Restaurant or Matsu Corp.

In addition, Plaintiffs agree that this Agreement satisfies any and all claims to any payments of any kind, whether characterized as bonus payments or dividends relating to the deposit payments alleged in the Action and shall not make any future claims to such payments.

7. In exchange for the consideration provided for in Paragraphs 1, 2, and 3, Plaintiffs also agree to resolve any and all work disputes that may arise during the first six months after they resume work at the Restaurant, to the extent permissible under Connecticut and federal law, through a process of mediation. Nothing in this Agreement shall be deemed or construed to limit Plaintiffs' rights to access the NLRB and/or file charges with the NLRB.

8. Plaintiffs acknowledge that as a result of the settlement of the the Action and the NLRB Case, they have been paid any and all wages claimed due from Releasees, and that no other amounts are due to Plaintiffs from Releasees. Plaintiffs acknowledge that the amounts paid to each of them is being paid to settle a dispute between the Parties. Plaintiffs acknowledge the amounts paid to each of them covers in full, wages, damages, bonus payments, dividends, injuries, penalties, interest, attorneys' fees, excess tax liability, and expenses claimed to be owed.

9. The Parties agree all matters relevant to the construction and interpretation of this Agreement shall be construed and interpreted in accordance with the laws of the State of Connecticut, except where preempted by federal law. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall become null and void, leaving the remainder of the Agreement in full force and effect.

10. This Agreement may not be modified, altered or changed except upon express written consent of the Parties hereto.

11. This Agreement sets forth the entire agreement between the Parties and that no other representations outside of this Agreement, oral or in writing, are binding on the Parties.

12. This Agreement may be executed in any number of counterparts and with facsimile signatures, with the same effect as if all Parties had signed the same document. All counterparts shall be construed together and shall constitute one agreement.

IN WITNESS WHEREOF, the Parties do hereby affix their hands and seals having freely and knowingly entering into and agreeing to be bound by the terms above.

Dated: _____[signature]_____   11/4/19
        Jianming Jiang

Dated: _____[signature]_____   11/4/19
        Liguo Ding

Dated: _____[signature]_____   11/4/19
        Chunqiu Duan

Dated: _____[signature]_____   11/4/19
        Yongqiang Song

Dated: _____[signature]_____   11/5/19
        Matsu Corp., by:

Dated: _____[signature]_____   11/5/19
        Kim Ming "Marty" Cheng

Dated: _____[signature]_____   11/5/19
        Ziqiao "Michael" Cao

APPENDIX A – PAYMENT SCHEDULE

| Due Date | Total Amount Due | Amount Payable to Jiamming Jiang | | Amount Payable to Liguo Ding | | Amount Payable to Yongqiang Song | Amount Payable to Chunqiu Duan |
|---|---|---|---|---|---|---|---|
| | | Backpay | Returned Deposits | Backpay | Returned Deposits | Returned Deposits | Returned Deposits |
| Fifteen (15) days after Agreement is approved | $75,000 | $7,500 | $14,100 | $7,500 | $15,900 | $15,900 | $14,100 |
| 1/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 2/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 3/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 4/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 5/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 6/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 7/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 8/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 9/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 10/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 11/15/2020 | $10,500 | $1,050 | $1,974 | $1,050 | $2,226 | $2,226 | $1,974 |
| 12/15/2020 | $9,500 | $950 | $1,786 | $950 | $2,014 | $2,014 | $1,786 |
| Subtotal | $200,000 | $20,000 | $37,600 | $20,000 | $42,400 | $42,400 | $37,600 |
| Total | $200,000 | $57,600 | | $62,400 | | $42,400 | $37,600 |

APPENDIX B – CONFESSION OF JUDGMENT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JIANMING JIANG, LIGUO DING )
CHUNQIU DUAN, and )
YONGQIANG SONG )
        )
    Plaintiffs, )
        )
    v.  )    CASE NO. 3:17-cv-02011 (SRU)
        )
MATSU CORP., )
KIM MING "MARTY" CHENG, and )
ZIQIAO "MICHAEL" CAO )
        )
    Defendants. )

STATE OF NEW JERSEY )
COUNTY OF HUDSON )

KIM MING "MARTY" CHENG, being duly sworn, deposes and says the following:

1. That I am a resident of the State of New Jersey.

2. That I have entered into a Settlement Agreement and General Release (the "Agreement") with Plaintiffs on _____, 2019, which provides in part that payment of two hundred thousand dollars and no cents ($200,000.00) will be made to Plaintiff on or about December 15, 2020. The terms of said Agreement are expressly incorporated herein, to be filed and judgment entered thereupon in the event that Defendants default on their payment obligations under the Agreement.

4. I hereby confess judgment herein and authorize entry of judgment against me, jointly and severally with all Defendants who sign the confession of judgment, in favor of Plaintiffs for two hundred thousand dollars and no cents ($200,000.00).

5. I hereby acknowledge, represent, and warrant to Plaintiffs that I have been duly authorized (and have the full power and authority) to enter into, execute, deliver, perform, and implement this Confession of Judgment, and that such Confession of Judgment is legal, valid, and binding upon me.

6. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Agreement and

failure to cure such breach within 10 days of Notice, this Confession of Judgment shall be docketed and entered as a judgment against me, jointly and severally with all Defendants who sign the Confession of Judgment.

8. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, New Haven Legal Assistance Association, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

Sworn and subscribed before me this _____ day of November, 2019

_____
Notary Public, State of New York

_____
Kim Ming "Marty" Cheng, Individually

_____
Ziqiao "Michael" Cao, Individually

On the _____ day of _____ in the year \_\_\_\_\_, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ Notary Public